**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald DeWayne McDonald, | No. CV-22-01678-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

## BACKGROUND

On October 3, 2022, Petitioner initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)  The petition raises only one ground for relief—that Petitioner's Fourteenth Amendment due process rights were violated during his state-court post-conviction relief ("PCR") proceeding because the PCR court dismissed his PCR petition, which raised a claim of ineffective assistance of trial counsel, without requiring an affidavit from his trial counsel or holding an evidentiary hearing.  (Doc. 5.)

On August 28, 2023, Magistrate Judge Fine issued a report and recommendation ("R&R") concluding that the petition, although timely filed, should be dismissed and denied with prejudice.  (Doc. 16.)  The R&R identifies two independent reasons why this is the appropriate outcome: (1) Petitioner's due process claim is unexhausted and procedurally defaulted (*id.* at 11-19); and (2) the claim does not, at any rate, provide a cognizable basis for relief because "a petitioner cannot assert an error in state post-conviction proceedings as a proper ground for habeas relief."  (*Id.* at 19-20.)

1    Now pending before the Court are Petitioner's objections to the R&R.  (Doc. 17.)

2    Notably, Petitioner only challenges the R&R's exhaustion and procedural-default analysis

3    and does not challenge the R&R's separate determination that the claim asserted in his

4    petition is not cognizable on habeas review.  (*Id.*)  In their response, Respondents point out

5    this omission while also defending the challenged portion of the R&R's analysis.  (Doc.

6    20.)

7                                    **LEGAL STANDARD**

8    A party may file written objections to an R&R within 14 days of being served with

9    a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").  Those

10   objections must be "specific."  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being

11   served with a copy of the recommended disposition, a party may serve and file specific

12   written objections to the proposed findings and recommendations.").

13   "The district judge must determine de novo any part of the magistrate judge's

14   disposition that has been properly objected to.  The district judge may accept, reject, or

15   modify the recommended disposition; receive further evidence; or return the matter to the

16   magistrate judge with instructions."  *See* Fed. R. Civ. P. 72(b)(3).  "In providing for a de

17   novo determination . . . Congress intended to permit whatever reliance a district judge, in

18   the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings

19   and recommendations. . . .  [D]istrict courts conduct proper de novo review where they

20   state they have done so, even if the order fails to specifically address a party's objections."

21   *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation

22   marks omitted).  *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide

23   individualized analysis of each objection.").

24   Additionally, district courts are not required to review any portion of an R&R to

25   which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-

26   50 (1985) ("It does not appear that Congress intended to require district court review of a

27   magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

28   neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

## ANALYSIS

The Court agrees with Respondents that Petitioner's objections do not provide a basis for departing from the R&R's recommended disposition.  First, because Petitioner does not challenge the R&R's analysis as to the non-cognizability of the claim asserted in his habeas petition, the Court may (and does) adopt that analysis without further review.  *Thomas*, 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

Second, although that outcome makes it unnecessary to review Petitioner's challenge to the R&R's other basis for concluding that habeas relief is unwarranted here (*i.e.*, exhaustion and procedural default), the Court has, in an abundance of caution, conducted the required *de novo* review as to that portion of the R&R and agrees with the R&R's analysis.  *Ramos*, 65 F.4th at 433-34.

…

…

…

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1.  Petitioner's objections to the R&R (Doc. 17) are **overruled**.

2.  The R&R (Doc. 16) is **accepted**.

3.  The petition (Doc. 1) is **denied and dismissed with prejudice**.

4.  A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

5.  The Clerk shall enter judgment accordingly and terminate this action.

Dated this 31st day of October, 2023.

Dominic W. Lanza
United States District Judge